IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:11-CR-182-TCB-CCH |
| RANFERI FLORES-HIGUERA | : | |

### ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

Attached is the Report and Recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Criminal Local Rules 12.1(E) and 58.1(A)(3).

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. Failure to file an objection to the Report and Recommendation waives a party's right to review. Fed. R. Crim. P. 59(b)(2).

Pursuant to 18 U.S.C. 3161(h)(1)(D), the above referenced fourteen (14) days allowed for filing objections are **EXCLUDED** from the computation of time under the Speedy Trial Act. At the end of such fourteen-day period, if there are no objections, the Clerk is **DIRECTED** to submit this Report and Recommendation to the District Judge. If there are objections, the other party or parties shall have fourteen (14) days from the filing of those objections to respond, and that fourteen-day period shall also be **EXCLUDED** from the computation of time under the Speedy Trial Act. Thereafter, the Report and Recommendation along with any objections and responses shall be submitted to the District Judge.

After such submission of this Report and Recommendation to the District Judge, whether or not any objection has been filed, the Clerk is **DIRECTED** to **EXCLUDE** from the computation of time under the Speedy Trial Act the time, up to thirty (30) days, that this Report and Recommendation is under advisement before the District Court. *Henderson v. United States*, 476 U.S. 321, 331 (1986) (the Speedy Trial Act "exclude[s] all time that is consumed in placing the trial court in a position to dispose of a motion"); *United States v. Mers*, 701 F. 2d 1321, 1337 (11th Cir. 1983)

("[T]he magistrate and the district court have thirty days each during which to take pretrial motions under advisement.").

**IT IS SO ORDERED** this 6th day of July, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.    : | CRIMINAL ACTION NO. |
| : | 1:11-CR-182-TCB-CCH |
| RANFERI FLORES-HIGUERA : | |
| : | |

## REPORT AND RECOMMENDATION

Defendant is charged in Count One of the Indictment with possession of a firearm by an alien unlawfully and illegally in the United States in violation of 18 U.S.C. § 922(g)(5). This action is before the Court on Defendant's Motion to Dismiss that count [20] (the "Motion") on the ground that 18 U.S.C. § 922(g)(5) violates Defendant's rights under the Second Amendment of the United States Constitution.[1] For the reasons set forth below, the Court **RECOMMENDS** that the Motion [20] be **DENIED**.

---

[1] Defendant filed the Motion on June 3, 2011 [20]; the Government filed its response on June 17, 2011 [22] and [23]. No reply brief has been filed.

## **DISCUSSION**

Defendant argues that 18 U.S.C. § 922(g)(5) is unconstitutional pursuant to the Supreme Court's holding in *District of Columbia v. Heller*, 554 U.S. 570 (2008), that the Second Amendment to the United States Constitution "conferred an individual right to keep and bear arms." *Heller*, 554 U.S. at 592.

In *Heller*, the Supreme Court examined the District of Columbia's ban on handguns in the home and requirement that lawful firearms be disassembled or kept with a trigger lock, and found the ban to violate the Second Amendment. The Court reasoned that the right to self-defense was central to the Second Amendment, and that the handgun is "overwhelmingly chosen by American society for that lawful purpose." *Id.* at 628. In so holding, however, the Court recognized that the "right secured by the Second Amendment is not unlimited," and stated that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Id.* at 626-627. The Court intended its identification of such "presumptively lawful regulatory measures only as examples,"

2

not as an exhaustive list. *Id.* at 626 n.26. The Court also noted, in holding that the District of Columbia must permit Heller to register his handgun and carry it in his home, that it was "assuming that Heller is not disqualified from the exercise of Second Amendment rights." *Id.* at 635.

Subsequent to the Supreme Court's decision in *Heller*, in *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), the Eleventh Circuit considered a challenge to 18 U.S.C. § 922(g)(1), which prohibits convicted felons from possessing firearms. The Court concluded that "statutory restrictions of firearm possession, such as § 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of people. Rozier, by virtue of his felony conviction, falls within such a class." *Rozier*, 598 F.3d at 771. Other federal courts have uniformly rejected Second Amendment challenges under Heller to § 922(g). *See, e.g., United States v. Jones*, 673 F.Supp.2d 1347, 1353-54 (N.D. Ga. 2009) (collecting cases holding that *Heller* did not call into question the continued constitutionality of section 922(g)(1)); *see also United States v. Marzzarella*, 595 F.Supp.2d 596, 598-99 (W.D. Pa. 2009) (citing cases to illustrate that "every court which has considered a Second Amendment challenge to 18 U.S.C. § 922, post-*Heller*, has upheld the statute as constitutional.").

This Court has previously concluded[2] that the same rationale courts have applied in upholding § 922(g)(1) and other sections of § 922 applies to § 922(g)(5): it is "a presumptively lawful longstanding prohibition" on the possession of firearms. *United States v. White*, 593 F.3d 1199, 1205-06 (11th Cir. 2010). To its knowledge this Court's opinion in *Lewis* is in accord with that of all courts that have specifically addressed the constitutionality of section 922(g)(5). Those courts have concluded that illegal aliens are not only disqualified from the exercise of Second Amendment rights by § 922(g)(5), but do not have rights under the Second Amendment in the first place because they are not among "the people" contemplated by the Second Amendment. *See United States v. Portillo-Munoz*, 2011 WL 2306248 (5th Cir. June 13, 2011); *United States v. Adame-Najeera*, 2010 WL 6529643 (N.D. Ga. Nov. 24, 2010), *approved*, 2011 WL 1497889; *United States v. Martinez - Guillen*, 2011 WL 588350 (M.D. Ala. Jan. 12, 2011); *United States v. Flores*, 2010 WL 4720223 (D. Minn. Nov. 15, 2010); *United States v. Luviano-Vega*, 2010 WL 3732137 (E.D. N.C. Sept. 20, 2010); *United States v. Yanez-Vasquez*, 2010 WL 411112 (D. Kan. Jan. 28, 2010); *United States v. Guerrero-Leco*, 2008 WL 4534226, (W.D.N.C. 2008); *United States v. Solis-Gonzalez*, 2008 WL 4539663 (W.D.N.C. 2008).

---

[2] *See United States of America v. Lewis*, 2010 WL 3370719 (N.D. Ga., 2010) (Story, D.J., adopting Report and Recommendation [44]).

The *Heller* Court, in fact, noted that whenever the term "the people" appears in the Constitution, it "unambiguously refers to all members of the *political community*, not an unspecified subset." *Heller*, 554 U.S. at 580 (emphasis added).[3] The *Heller* Court then recognized the Second Amendment right as "the right of law-abiding, responsible citizens to use arms in defense of hearth and home," and a right that was "to be exercised and enjoyed by the citizen." *Id.* at 635, 608 (internal quotes and citation omitted). Because Defendant is not a citizen, or at the least, a lawful resident with ties to the community, the Court concludes that he is not a member of the "political community" whose rights are protected by the Second Amendment. *See United States v. Boffil-Rivera*, 2008 U.S. Dist. LEXIS 84633, at *11-22 (S.D. Fla. Aug. 12, 2008) (examining the history of the individual right secured by the Second Amendment and the meaning of the term "the people," and concluding that "the individual right to bear arms defined by *Heller* does not apply to illegal and unlawful aliens").

---

[3]In *United States v. Verdugo-Urquidez*, 494 U.S. 259 (1990), Justice Rehnquist stated that the use of the term "the people" in the Constitution suggests that it "refers to a class of persons who are part of a national community or who have otherwise developed sufficient connection with this country to be considered part of that community." *Verdugo-Urquidez*, 494 U.S. at 265.

5

For the reasons stated above, the undersigned concludes that the enforcement of section 922(g)(1) does not violate the Second Amendment, either facially or as applied to Defendant.

## RECOMMENDATION

For all the above reasons, the undersigned **RECOMMENDS** that the Motion to Dismiss [20] be **DENIED.**

**IT IS SO RECOMMENDED** this 6th day of July, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE